UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:25-CR-87-REW-MAS |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JEROME ZACHARY NEWTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 92 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Jerome Zachary Newton, Jr.'s guilty plea and adjudge him guilty of Count 1 of the Indictment (DE 1). *See* DE 94 (Recommendation); *see also* DE 91 (Plea Agreement). Judge Stinnett expressly informed Newton of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 94 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 94, **ACCEPTS** Newton's guilty plea, and **ADJUDGES** Newton guilty of Count 1 of the Indictment.

2. Further, although Newton conceded a nexus between the (generic) property and offense to which he is pleading guilty in his plea agreement, *see* DE 91, the Government has not identified the specific property subject to forfeiture, and the Indictment does not reference a forfeiture money judgment.  Per Rule 32.2, the Court cannot preliminarily order forfeiture without determining whether the Government has established the requisite nexus between specified property and the offense.  If the Government still seeks to pursue forfeiture, it shall file a motion addressing the specific property subject to forfeiture.  If the motion is not joint, Defendant shall respond indicating his position.  Both sides shall address any need or request for a hearing. The motion is due within fourteen (14) days of this Order, and any response within seven (7) days of motion filing.

3. The Court will issue a separate sentencing order.[1]

This the 23rd day of April, 2026.

Signed By:

**_Robert E. Wier_**

**United States District Judge**

---

[1] Newton was remanded to custody post-plea, which preserved his status following arraignment.  *See* DE 92; DE 22.  As such, Newton will remain in custody pending sentencing, subject to intervening orders.

2